# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JOLICIA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv- 01123 |
| | ) | Judge Aleta A. Trauger |
| NATIONAL GENERAL INSURANCE | ) | |
| COMPANY (ALLSTATE) *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the court are plaintiff Jolicia Rhodes' Objections (Doc. No. 22) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 21), which recommends granting the Motion to Dismiss & Compel Arbitration (Doc. No. 14) filed by defendant National General Insurance Company (Allstate) ("Nat Gen") and denying the plaintiff's Motion for Limited Discovery Regarding Arbitration Formation (Doc. No. 19). Nat Gen has filed a Response to the plaintiff's Objections. (Doc. No. 24.) As set forth herein, the court will accept the R&R, except that the court will stay these proceedings pending arbitration, instead of dismissing the case altogether.

## I.       BACKGROUND

The plaintiff, who proceeds *pro se*, brings claims against her employer, Nat Gen, and several individual supervisors for alleged violations of the  Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). (*See* Compl., Doc. No. 1.) The matter was referred to the Magistrate Judge under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636. (*See* Doc. No. 7.)

Rather than answering the Complaint, Nat Gen filed its Motion to Dismiss & Compel Arbitration, based on the existence of a valid and enforceable Mutual Arbitration Agreement ("Agreement") between the plaintiff and Allstate, Nat Gen's parent company (*see* Doc. No. 14-1, Ly Decl. ¶ 1), defined in the Agreement to include "its affiliated entities and individuals" (Doc. No. 14-2, Agreement 1). The motion is supported by a Memorandum of Law and the Declaration of Rebecca Ly, the Agreement, and an electronic record of the plaintiff's signing of the Agreement and its predecessor, a Mediation and Arbitration Agreement. (*See* Doc. No. 14-3; *see also* Ly Decl. ¶¶ 9–17.) The plaintiff filed  Response in Opposition to Nat Gen's motion, arguing that she did not "knowingly or voluntarily" agree to arbitrate. (Doc. No. 17 at 1.) She attached to her Response her own Declaration, in which she asserts that arbitration was never "explained to [her] in any meaningful way" and that she does "not recall being presented with an arbitration agreement as a standalone agreement," does not "recall affirmatively agreeing to arbitrate employment-related disputes," and "does not recall being given any opportunity to review, negotiate, opt out of, or ask questions about arbitration." (Doc. No. 17-1, Rhodes Decl. ¶¶ 5, 7–9.)

Although she did not affirmatively dispute any facts set forth in Nat Gen's filing of the Ly Declaration, Rhodes purports to "dispute the circumstances, timing, and voluntariness" of her execution of the Agreement. She also claims that she was "medically impaired, under significant stress, and navigating medical leave and accommodation requests" at the time Nat Gen claims she signed the Agreement and that these circumstances "affected [her] ability to process, understand, and meaningfully consent" to the Agreement. (*Id.* ¶¶ 10–12.)

She filed her Motion for Limited Discovery with her Response. Nat Gen filed a Response opposing the discovery motion, arguing that the plaintiff's Response to the Motion to Dismiss failed to present any factual disputes that required discovery and instead simply rehashed the same

legal arguments raised in her Response to the Motion to Dismiss. (Doc. No. 20.)

The R&R thoroughly addresses all of the facts and legal arguments presented by the parties and cogently concludes that the defendant's motion should be granted and the plaintiff's motion denied. The plaintiff objects to both of these recommendations and, in addition, requests that, if arbitration is compelled, the court stay this action rather than dismiss it.

## II.     LEGAL STANDARD

If a party files "specific written objections" to an R&R on a dispositive matter, the district judge must consider those objections and determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2), (3); *see also* 28 U.S.C. § 636(b)(1). However, the district court is not required to review those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court generally should accept the magistrate judge's findings and rulings to which no specific objection is filed, *id.* at 151, so long as the court is "satisf[ied] that there is no clear error on the face of the record," Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). At the same time, however, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*,

200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010). In addition, while the court has the discretion to consider new evidence, "that discretion must be exercised sparingly." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    DISCUSSION

The plaintiff objects to, essentially, the entirety of the R&R, except those portions of it setting forth the governing legal standards. (*See* Doc. No. 22 at 2–3 (objecting to pages 2–4, 5–6, 11–17, and 17–18).)[1] For the most part, she simply rehashes the arguments raised in her Response to the defendant's motion, without showing legal error on the part of the Magistrate Judge. She contends that her Declaration is sufficient to create a material factual dispute, insofar as she disputes the "circumstances, timing, and voluntariness" of her alleged execution of the Agreement and did not merely allege a "memory lapse." (*Id.* at 5.) She further objects to the Magistrate Judge's treatment of her allegations regarding her medical condition, arguing that she was not trying to prove contractual incapacity but that her medical condition is "relevant to voluntariness and

---

[1] She also attaches numerous exhibits to her Objections as evidentiary support for her position. The court declines to consider any of these documents. The first four are simply court filings already in the record. (*See* Doc. Nos. 22-1 through 22-4.) Another four appear to pertain only to the plaintiff's substantive claims and have nothing to do with the execution of the Agreement, though the plaintiff appears to believe they are relevant to the timing of her acceptance of the Agreement. (*See* Doc. Nos. 22-8 through 22-11.) Exhibits 5 and 6 are email chains between the plaintiff and counsel for Nat Gen and, again, not actually relevant to the validity of the plaintiff's execution of the Agreement, though they incorporate some of the plaintiff's arguments that are properly before the court.

discovery." (*Id.* at 6.) She also contends that discovery is necessary to determine whether she was on leave at the time she signed the Arbitration Agreement, though she has not explained why that would affect the validity of her consent. (*Id.* at 6.) She objects to the Magistrate Judge's crediting of the defendant's "proof" on the grounds that it comes from a source to which the plaintiff has no access, and she asserts that she should be granted discovery to further examine this material. (*Id.* at 5–6.) The plaintiff further argues that the Magistrate Judge erred in resolving a material factual dispute in the defendant's favor instead of viewing it in the light most favorable to her, that the defendant's spreadsheet "did not disclose the security procedure or underlying data needed to determine whether the alleged acknowledgement was Plaintiff's act," that her Motion for Limited Discovery should not have been considered to be an unauthorized sur-reply, and that dismissal of the entire case is not warranted because the court should not dismiss the claims against the individual defendants who did not join in Nat Gen's motion.

On *de novo* review, none of these objections has merit. The Magistrate Judge thoroughly explained why the plaintiff's Declaration was insufficient to refute Nat Gen's evidence of a binding, mutual agreement to arbitrate and why discovery is not warranted, and he did not resolve any material factual disputes in favor of the defendant. Nor did he reject the plaintiff's Motion for Limited Discovery in its entirety as an unauthorized sur-reply. Rather, the R&R noted only that, "to the extent that Plaintiff's motion presents continued arguments in rebuttal to the motion to dismiss and to compel arbitration, such arguments are not properly before the Court and will not be considered." (Doc. No. 21 at 17.)

The plaintiff's argument that the case should not be dismissed as a whole because Nat Gen's motion was not joined by the individual defendants is raised for the first time in her Objections. As the R&R notes, however, the individual defendants did not appear to have been

properly served and had not entered an appearance as of the date of the R&R. (*See* Doc. No. 21 at 2 n.2.)[2] Regardless, as Nat Gen points out, the Agreement defines the term "Allstate" (Nat Gen's parent corporation) to include affiliated entities *and individuals*, which would include individual supervisors named as defendants in a dispute covered by the Agreement.

Finally, as noted above, the plaintiff asks that, if arbitration is compelled, the case be stayed rather than dismissed. (Doc. No. 22 at 10.) Nat Gen contends that its petition was filed under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, rather than § 3, and that, when "all of a plaintiff's claims are subject to arbitration and the motion is brought under Section 4, dismissal is appropriate." (Doc. No. 24 at 10.)

In 2024, the Supreme Court held, apparently unequivocally, that, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478, (2024). Citing *Wallrich v. Samsung Electronics America, Inc.*, 106 F.4th 609, 617 (7th Cir. 2024), Nat Gen contends that *Smith* does not apply where, as here, the motion to compel arbitration is brought under § 4 rather than § 3. (Doc. No. 24 at 10.) In *Wallrich*, however, there was no substantive lawsuit in the district court. Rather, the only matter filed in the district court was a petition under § 4 to compel arbitration, and the only relief sought by the petitioners was an order compelling respondent Samsung to pay its administrative filing fees and proceed to arbitration. *Wallrich*, 106 F.4th at 614. In that context, the Seventh Circuit explained that a stay under § 3 "only occurs in proceedings brought 'upon any issue referable to arbitration' after one of the parties asks the court for a stay," and it explained that proceedings under § 3, unlike proceedings under § 4, "involve underlying substantive claims for relief that are themselves, in whole or in part,

---

[2] They still do not appear to have been properly served or to have entered an appearance.

referable to arbitration and distinct from mere requests to compel arbitration." *Id.* (quoting 9 U.S.C. § 3).

In this case, the defendant's motion itself recognized that it was filed under both § 3 and § 4. (*See* Doc. No. 14 at 1.) And the plaintiff here has requested a stay. (Doc. No. 22 at 10.) The defendant does not contend that the plaintiff waived the ability to request a stay by not doing so in her Response to the Motion to Dismiss. Under these circumstances, the court finds that a stay is warranted. It will grant the defendant's motion, insofar as it seeks an order compelling arbitration, but it will stay the case rather than dismiss it.

## IV. CONCLUSION

For the reasons set forth herein, the court will overrule the plaintiff's Objections (Doc. No. 22) and accept the R&R (Doc. No. 21), *except* insofar as the plaintiff seeks a stay rather than dismissal of the case. The plaintiff's Motion for Limited Discovery will be denied, and the defendant's Motion to Dismiss & Compel Arbitration under 9 U.S.C. § 4 will be granted in part and denied in part. The court will compel arbitration but will stay the case pending arbitration.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge